# In the United States Court of Federal Claims

Filed:  December 5, 2017

| | |
|---|---|
| In re ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Master Docket No. 17-3000L |

THIS DOCUMENT APPLIES TO:

17-1277L, 17-1374L, 17-1409L,
17-1459L, 17-1460L, 17-1559L,
17-1569L, 17-1582L, 17-1636L,
17-1650L, 17-1652-1L, 17-1665L,
17-1666L, 17-1667L, 17-1668L,
17-1669L, 17-1670L, 17-1671L,
17-1672L, 17-1673L, 17-1674L,
17-1675L, 17-1676L, 17-1677L,
17-1678L, 17-1692L, 17-1693L,
17-1694L, 17-1695L, 17-1696L,
17-1697L, 17-1698L, 17-1699L,
17-1700L, 17-1701L, 17-1702L,
17-1703L, 17-1704L, 17-1705L,
17-1706L, 17-1707L, 17-1708L,
17-1709L, 17-1710L, 17-1711L,
17-1712L, 17-1713L, 17-1714L,
17-1716L, 17-1717L, 17-1718L,
17-1719L, 17-1720L, 17-1721L,
17-1722L, 17-1723L, 17-1724L,
17-1726L, 17-1727L, 17-1728L,
17-1729L, 17-1730L, 17-1780L,
17-1786L, 17-1798L, 17-1805L

## MANAGEMENT ORDER NO. 2
### (ORDER ESTABLISHING SUB-MASTER DOCKET FOR UPSTREAM CLAIMS)

To promote the efficient administration of justice, it is hereby ORDERED:

1. ***Consolidation Of Upstream Cases.*** The above-identified cases, and any subsequently filed directly or indirectly related cases, as defined in Rule 40.2 of the Rules of the United States Court of Federal Claims ("RCFC"), that are identified as upstream cases, are hereby

consolidated for pretrial management.  Management Order No. 2 does not address whether these actions are or will be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the RCFC.

(a) *Sub-Master Docket.* The Clerk of Court will create a Sub-Master Docket, *In re Upstream Addicks and Barker (Texas) Flood-Control Reservoirs*, Sub-Master Docket No. 17-9001L.

(b) *Assigned United States Court Of Federal Claims Judges.* Pursuant to the court's November 20, 2017 Orders, the following United States Court of Federal Claims judges have been assigned in *In re Upstream Addicks and Barker (Texas) Flood-Control Reservoirs*, Sub-Master Docket No. 17-9001L:

   i. The Honorable Charles F. Lettow has been assigned to this Sub-Master Docket to manage jurisdictional discovery and adjudicate issues presented by any motion filed, pursuant to RCFC 12(b)(1)–(7).  *See In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 68 (Fed. Cl. Nov. 20, 2017) (Court Attachment A).

   ii. The Honorable Eric G. Bruggink has been assigned to this Sub-Master Docket to manage pre-trial discovery and adjudicate all pre-trial dispositive motions.  *See In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 70 (Fed. Cl. Nov. 20, 2017) (Court Attachment B).

(c) *Appointed Counsel.* Pursuant to the court's November 20, 2017 Orders, the following counsel have been appointed in *In re Upstream Addicks and Barker (Texas) Flood-Control Reservoirs*, Sub-Master Docket No. 17-9001L:

   i. The following counsel have been appointed For Jurisdictional Discovery: Mr. Ian Gershengorn, Co-Lead Counsel; Mr. Larry Vincent, Co-Lead Counsel; and Mr. Vuk Vujasinovic, Of Counsel.  *See In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 68 (Fed. Cl. Nov. 20, 2017) (Court Attachment A).

   ii. The following counsel have been appointed For Pre-Trial Discovery And Dispositive Motions: Mr. Daniel Charest, Co-Lead Counsel; Mr. Charles Irvine, Co-Lead Counsel; Mr. Larry Vincent, Co-Lead Counsel; and Mr. E. Armistead Easterby, Co-Lead Counsel.  *See In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 70 (Fed. Cl. Nov. 20, 2017) (Court Attachment B).

**(d)** ***Notice.*** The Clerk of Court will docket this Order and the following Notice in each of the above-referenced consolidated upstream cases as well as in *In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket 17-3000L:

> NOTICE: Sub-Master Docket, *In re Upstream Addicks and Barker (Texas) Flood-Control Reservoirs*, Sub-Docket No. 17-9001L, has been opened and assigned to the **Honorable Charles F. Lettow** for the management of jurisdictional discovery and the adjudication of issues presented by any motion filed, pursuant to RCFC 12(b)(1)–(7), and to the **Honorable Eric G. Bruggink** for the management of pre-trial discovery and the adjudication of all pre-trial dispositive motions. From this date and until further order, all filings in these consolidated upstream cases will be filed in this Sub-Master Docket.

**(e)** ***Future Filings; Case Caption.*** From this date and until further order, all future filings in these consolidated upstream cases will be made in this Sub-Master Docket and will bear the following caption:

# In the United States Court of Federal Claims

| | |
|---|---|
| In re UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Sub-Master Docket No. 17-9001L |
| THIS DOCUMENT APPLIES TO: | |

*i.* A filing that is applicable to all of these consolidated upstream cases will state in the caption that it applies to "ALL UPSTREAM CASES." Such filing will be made in this Sub-Master Docket only but will be deemed filed and docketed in each individual case to the extent applicable.

*ii.* Except as provided in paragraph 1(e)(iii) below, a filing that applies only to a particular case(s) will state in the caption the applicable case number(s) and the last name(s) of the named plaintiff(s). The filing will be made in this Sub-Master Docket and the Clerk of Court will docket the filing in each applicable case.

*iii.* Motions to substitute counsel in individual cases and notices of appearance by the government will be filed in the individual case dockets only.

2. ***Newly Filed Cases.*** When a directly or indirectly related case that is identified as an upstream case subsequently is filed, the Clerk of Court will:

    **(a)** make an appropriate entry in this Sub-Master Docket;

    **(b)** docket a copy of this Order in the newly filed case; and

    **(c)** docket a copy of the Notice, identified in paragraph 1(d) above, in the newly filed case.

3. This Order will apply to all subsequently filed or transferred cases that are directly or indirectly related and identified as upstream cases.

    **IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**

# COURT ATTACHMENT A

# In the United States Court of Federal Claims

Filed:  November 20, 2017

IN RE ADDICKS AND BARKER
(TEXAS) FLOOD-CONTROL
RESERVOIRS

Master Docket No. 17-3000L

THIS DOCUMENT APPLIES TO:

ALL CASES

**ORDER REGARDING JUDICIAL ASSIGNMENT, APPOINTMENT OF PLAINTIFFS'
COUNSEL FOR THE PURPOSE OF PRE-TRIAL JURISDICTIONAL DISCOVERY,
THE GOVERNMENT'S MOTION TO DISMISS PURSUANT TO RULE OF THE
UNITED STATES COURT OF FEDERAL CLAIMS 12(b)(1)–(7), AND SCHEDULING.**

**(UPSTREAM CLAIMS)**

During the October 6, 2017 and November 1, 2017 hearings convened in Houston, the court was advised that putative class action complaints and individual complaints with upstream claims affecting approximately 10,000 to 16,000 private property interests are or will be filed in the United States Court of Federal Claims. *See, e.g.*, *In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 7 (Fed. Cl. Nov. 3, 2017).

## I.   Assignment Of A United States Court Of Federal Claims Judge.

The Honorable Charles F. Lettow of the United States Court of Federal Claims is hereby assigned to manage jurisdictional discovery and adjudicate issues presented by any motion filed, pursuant to Rule of the United States Court of Federal Claims ("RCFC") 12(b)(1)–(7).[1]

## II.   Appointment Of Co-Counsel For Jurisdictional Discovery (In Alphabetical Order).

On October 11, 2017, the court issued an Order requesting "all counsel of record that wish to be considered as class counsel(s) and/or lead class counsel(s)" to file a Statement of Interest addressing the factors set forth in RCFC 23(g)(1). *See, e.g.*, *Y And J Properties, Ltd.*, No. 17-1189, Dkt. 12 at 6 (Fed. Cl. Oct.11, 2017).

---

[1]     On December 4, 2017, the Clerk of Court will effectuate this assignment when Master Docket, *In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L is divided into Sub-Master Dockets. *See In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 10 (Fed. Cl. Nov. 13, 2017).

After considering the views of all counsel, the court makes the following appointments of Plaintiffs' Counsel for the specific purposes set forth herein.

Mr. Ian H. Gershengorn graduated from Harvard Law School where he received a Juris Doctor, *magna cum laude*. Mr. Gershengorn was a Law Clerk to Circuit Court Judge Amalya L. Kearse of the United States Court of Appeals for the Second Circuit and a Law Clerk to Justice John Paul Stevens of the United States Supreme Court. Mr. Gershengorn also was Principal Deputy Solicitor General and Acting Solicitor General of the United States. Mr. Gershengorn is Chair of Jenner & Block LLP's Appellate and Supreme Court Practice. Mr. Gershengorn is admitted to the bar of the United States Court of Federal Claims. The court appoints Mr. Gershengorn as Co-Lead Counsel for the purposes set forth herein.[2]

Mr. Larry Vincent graduated from the University of Texas School of Law, with honors. Mr. Vincent served as a Law Clerk for Justice Anthony M. Kennedy of the United States Supreme Court. Mr. Vincent is of counsel to Burns and Charest, LLP, where he specializes in complex civil litigation, class action lawsuits. Mr. Vincent is admitted to the bar of the United States Court of Federal Claims and the United States Supreme Court. The court appoints Mr. Vincent as Co-Lead Counsel for the purposes set forth herein.[3]

Where "diverse interests exist among the parties, the court may designate . . . counsel representing different interests." MANUAL FOR COMPLEX LITIGATION § 10.224 (4th ed. 2004). Mr. Gershengorn and Mr. Vincent, however, represent a group of law firms that have filed Complaints they contend should be certified as class actions. The court has determined that the issue of class certification is premature at this juncture. The court is concerned that the interests of property owners who ultimately may decide to opt-in to a certified class, may be different from those who may decide to pursue claims as individuals. *See* RCFC 23 Rules Committee Notes (Rule 23 "only contemplates opt-in class certifications"). For this reason, the court also has appointed Mr. Vuk Vujasinovic to serve as Of Counsel for the purposes set forth herein to ensure the interests of individual plaintiffs are represented, since Vujansinovic & Beckcom LLP represents only individual plaintiffs who, at this point, do not seek class certification.

Mr. Vujasinovic graduated from the Houston Law Center where he received a Juris Doctor and was Editor of the Houston Law Review. Mr. Vujasinovic is a Founding Partner of Vujansinovic & Beckcom LLP, a Houston law firm specializing in complex civil litigation. Before co-founding VB Attorneys, Mr. Vujasinovic specialized in complex litigation at Shook, Hardy & Bacon. Mr. Vujasinovic is admitted to the bar of the United States Court of Federal Claims.

All of the above-referenced appointed counsel satisfy the criteria for selection, set out in the MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) and *MDL Standards and Best Practices*, DUKE LAW SCHOOL CENTER FOR JUDICIAL STUDIES (Sept. 11, 2014),https://law.duke.edu/sites/ default/files/centers/judicialstudies/MDL_Standards_and_Best_Practices_2014-REVISED.pdf.

---

[2]     Mr. Derek Potts of Potts Law Firm recommended Jenner & Block LLP to the court.
[3]     Mr. Charles Irvine of Irvine & Conner, PLLC recommended Burns and Charest, LLP to the court.

All appointed counsel will be compensated, pursuant to 42 U.S.C. § 4654(c), for their representation of Plaintiffs, as set forth herein, including any subsequent appeals. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also Hubbard v. United States*, 480 F.3d 1327 (Fed. Cir. 2007). In that regard, appointed counsel are expected to keep and maintain detailed time records from the date of this Order, take care to limit the use of law firm personnel (partners, associates, and paralegals) only to the extent absolutely necessary to meet professional standards of due diligence and care and minimize ancillary expenses.

## III.    Schedule.

To ensure the expeditious and orderly management of jurisdictional discovery, the court establishes the following schedule.

On or before December 8, 2017, the Government will file any Motion For A More Definite Statement, pursuant to RCFC 12(e).

On or before December 15, 2017, the parties will exchange Mandatory Initial Disclosures, including lists of documents and tangible items.

On or before December 29, 2017, the parties will exchange electronically stored information and hard-copy documents.

On or before January 15, 2018, Plaintiffs may file an Amended Complaint, consolidated or otherwise, in response to any motion filed on December 8, 2017, pursuant to RCFC 12(e).

On or before February 15, 2018, the Government will file any Motion To Dismiss, pursuant to RCFC 12(b)(1)–(7).

On or before March 15, 2018, Plaintiffs will file any Response to the Government's February 15, 2018 Motion To Dismiss.

On or before April 2, 2018, the Government will file any Reply to the March 15, 2018 Plaintiffs' Response.

On or before July 14, 2018, the court will convene an oral argument in the United States District Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas on the Government's February 15, 2018 Motion To Dismiss.

Page limitations for briefs and court filings, set forth in RCFC, are suspended. No extensions of time will be granted, but for extraordinary circumstances.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**

# COURT ATTACHMENT B

# In the United States Court of Federal Claims

Filed:  November 20, 2017

| | |
|---|---|
| IN RE ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Master Docket No. 17-3000L |
| THIS DOCUMENT APPLIES TO: ALL CASES | |

**ORDER REGARDING JUDICIAL ASSIGNMENT, APPOINTMENT OF PLAINTIFFS' COUNSEL FOR THE PURPOSE OF PRE-TRIAL DISCOVERY, DISPOSITIVE MOTIONS FOR PARTIAL OR SUMMARY JUDGMENT AND/OR CROSS-MOTIONS PURSUANT TO RULE OF THE UNITED STATES COURT OF FEDERAL CLAIMS 56 AND/OR A TRIAL ON LIABILITY, AND SCHEDULING.**

**(UPSTREAM CLAIMS)**

During the October 6, 2017 and November 1, 2017 hearings convened in Houston, the court was advised that putative class action complaints and individual complaints with upstream claims affecting approximately 4,000 private property interests are or will be filed in the United States Court of Federal Claims. *See, e.g.*, *In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 7 (Fed. Cl. Nov. 3, 2017).

**I.      Assignment Of A United States Court Of Federal Claims Judge.**

The Honorable Eric G. Bruggink of the United States Court of Federal Claims is hereby assigned to manage pre-trial discovery and adjudicate all pre-trial dispositive motions.[1]

**II.     Appointment Of Co-Counsel For Pre-Trial Discovery And Dispositive Motions (In Alphabetical Order).**

On October 11, 2017, the court issued an Order requesting "all counsel of record that wish to be considered as class counsel(s) and/or lead class counsel(s)" to file a Statement of Interest

---

[1]      On December 4, 2017, the Clerk of Court will effectuate this assignment when Master Docket, *In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L is divided into Sub-Master Dockets. *See In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 10 (Fed. Cl. Nov. 13, 2017).

addressing the factors set forth in Rule of the United States Court of Federal Claims ("RCFC") 23(g)(1).  *See, e.g., Y And J Properties, Ltd.*, No. 17-1189, Dkt. 12 at 6 (Fed. Cl. Oct.11, 2017).

After considering the views of all counsel, the court makes the following appointments of Plaintiffs' Counsel for the specific purposes set forth herein.

Mr. Daniel Charest graduated from Tulane University Law School, *summa cum laude*, and served as a Law Clerk for Judge Edith Brown Clement of the United States Court of Appeals for the Fifth Circuit.  Mr. Charest is a Founding Partner of the Dallas-based firm, Burns and Charest, LLP, where he specializes in complex civil litigation.  Mr. Charest is a member of the bar of the United States Court of Federal Claims.  The court appoints Mr. Charest as Co-Lead Counsel for the purposes set forth herein.[2]

Mr. Charles Irvine graduated from the University of Houston Law Center and has a Masters of Science in Conservation from the University College London.  Mr. Irvine is a Founding Partner in the Houston law firm of Irvine & Conner, PLLC, where he specializes in state and federal court litigation concerning environmental law.  In addition, Mr. Irvine has been an Adjunct Professor at the University of Houston Law Center, where he has taught environmental law.  Mr. Irvine is admitted to the bar of the United States Court of Federal Claims.  The court appoints Mr. Irvine as Co-Lead Counsel for the purposes set forth herein.

Mr. Larry Vincent graduated from the University of Texas School of Law, with honors.  Mr. Vincent served as a Law Clerk for Justice Anthony M. Kennedy of the United States Supreme Court.  Mr. Vincent is of counsel to Burns and Charest, LLP, where he specializes in complex civil litigation, class action lawsuits.  Mr. Vincent is admitted to the bar of the United States Court of Federal Claims and the United States Supreme Court.  The court appoints Mr. Vincent as Co-Lead Counsel for the purposes set forth herein.[3]

Where "diverse interests exist among the parties, the court may designate . . . counsel representing different interests."  MANUAL FOR COMPLEX LITIGATION § 10.224 (4th ed. 2004).  Mr. Irvine has filed a complaint that he contends should be certified as a class action.  The court has determined that the issue of class certification is premature at this juncture.  The court is concerned that the interests of property owners who ultimately may decide to opt-in to a certified class, may be different from those who may decide to pursue claims as individuals.  *See* RCFC 23 Rules Committee Notes (Rule 23 "only contemplates opt-in class certifications").  For this reason, the court also has appointed Mr. E. Armistead Easterby to serve as Co-Lead Counsel for the purposes set forth herein to ensure the interests of individual plaintiffs are represented, since Williams Kherkher LLP represent only individual plaintiffs who, at this point, do not seek class treatment.

Mr. Easterby graduated from the Houston Law Center, *cum laude*, and is a Partner in the Houston law firm of Williams Kherkher LLP, where he specializes in complex civil litigation.  Mr.

---

[2]     Mr. Charles Irvine of Irvine & Conner, PLLC recommended Burns and Charest, LLP to the court.

[3]     Mr. Charles Irvine of Irvine & Conner, PLLC recommended Burns and Charest, LLP to the court.

Easterby is admitted to the bar of the United States Court of Federal Claims, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court.

Each of the above-referenced appointed counsel satisfy the criteria for selection, set out in the MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) and *MDL Standards and Best Practices*, DUKE LAW SCHOOL CENTER FOR JUDICIAL STUDIES (Sept. 11, 2014), https://law.duke.edu/sites/default/files/centers/judicialstudies/MDL_Standards_and_Best_Practices_2014-REVISED.pdf.

All appointed counsel will be compensated, pursuant to 42 U.S.C. § 4654(c), for work on pre-trial discovery issues and dispositive motions, including any subsequent appeals. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also Hubbard v. United States*, 480 F.3d 1327 (Fed. Cir. 2007). In that regard, appointed counsel are expected to keep and maintain detailed time records from the date of this Order, take care to limit the use of law firm personnel (partners, associates, and paralegals), only to the extent absolutely necessary to meet professional standards of due diligence and care and minimize ancillary expenses.

### III.    Schedule.

To ensure the expeditious and orderly management of pre-trial jurisdictional discovery, dispositive motions, and/or a trial on liability, the court establishes the following schedule.

On or before January 30, 2018, all initial disclosures and electronically stored information and hard copy documents filed in the pre-trial phase of this case, will be provided to opposing counsel.

On or before February 28, 2018, the Government will file an Answer, pursuant to RCFC 7(a)(2), in response to any Amended Complaint filed on or before January 15, 2018. Thereafter, the parties may conduct discovery, subject to court Order, including any expert discovery, to conclude no later than May 31, 2018.

On or before June 15, 2018, the parties will file any dispositive motion(s), pursuant to RCFC 56.

On or before July 16, 2018, the parties may file any Responses and/or Cross-Motions to the June 15, 2018 dispositive motion(s).

On or before July 31, 2018, the parties simultaneously may file any Replies.

On or before October 29, 2018, the court will convene an oral argument in the United States District Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas on any dispositive motions.

If contested facts preclude disposition of this case on partial or summary judgment, pursuant to RCFC 56, this case will be set for a trial on liability by the assigned judge, at the earliest date available.

Page limitations for briefs and court filings, set forth in RCFC, are suspended.   No extensions of time will be granted, but for extraordinary circumstances.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**